# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE E. BOYD,

    Plaintiff,

vs.                                               No. CIV 03-250 JB/RHS

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion for Summary Judgment, filed January 5, 2004 (Doc. 10); (ii) United States' Motion for Summary Judgment, filed January 16, 2004 (Doc. 15); and (iii) Plaintiff's Motion to Strike United States' 'Supplement To' Its Motion for Summary Judgment, or Alternatively to Allow Plaintiff to File a Surreply, filed February 27, 2004 (Doc. 21). The primary issues are: (i) whether IRS Appeals improperly prohibited Plaintiff George E. Boyd from making an audio recording of his collection due process hearing; and (ii) if so, whether that error was harmless. Because the Court finds that Boyd was not entitled to make an audio recording of his hearing and that he waived his right to an in-person hearing, the Court will grant the United States' motion and enter summary judgment against Boyd. The Court will deny Boyd's motions.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves Boyd's appeal from the United States' administrative Collection Due Process ("CDP") decision.

IRS Form 4340 certified transcripts confirm that, on February 21, 2000, the United States,

through the Internal Revenue Service's Albuquerque Office, assessed George Boyd with a $500 penalty under 26 U.S.C. § 6682 for filing false withholding information. See IRS Form 4340 Certificate of Assessments, Payments, and Other Specified Matters (Account Status Date: April 30, 2003). On the same date, the IRS issued Boyd a Notice of Balance Due. See id. Boyd refused to pay this penalty voluntarily, so the IRS issued him a Notice of Intent to Levy on May 31, 2002. See id. Boyd received this notice on June 5, 2002 and responded to it by requesting a due process hearing on June 27, 2002. See IRS Appeals Notice of Determination (January 30, 2003); IRS Form 4340 Certificate of Assessments, Payments, and Other Specified Matters; Request for Collection Due Process Hearing & Letter (received July 5, 2002). In his hearing request, Boyd argues that he was not properly assessed or noticed. See Request for Collection Due Process Hearing & Letter.

Section 6330 requires the IRS to hold a hearing before issuing a Determination Notice. IRS Appeals received Boyd's hearing request and scheduled a hearing with him for January 9, 2003. See Hearing Scheduling Letter from Joella Apodaca, IRS Appeals Settlement Officer, to George Boyd (dated Dec. 10, 2002). The IRS Appeals held one hearing to review Boyd's withholding penalty and income tax assessments. In a letter scheduling this hearing, IRS Appeals informed Boyd that he could bring a witness to the hearing, but he would not allowed to make an audio recording of the hearing. See id. Despite this recording prohibition, Boyd appeared at the hearing and demanded that he be allowed to record it. See IRS Appeals Notice of Determination. When IRS Appeals declined, Boyd refused to participate in the hearing. See id. Boyd contends that the IRS refused to conduct any hearing because he insisted on his right to make an audio recording of it. See Declaration of George Boyd ¶ 2, at 1 (executed December 31, 2003). The entire encounter lasted a total of 30-45 seconds before the IRS terminated the meeting. See id.

IRS Appeals reviewed transcripts to confirm that the IRS had complied with all collection and assessment procedures, see IRS Appeals Notice of Determination, and determined against Boyd after reviewing his arguments from his CDP requests, see Request for Collection Due Process Hearing & Letter, and other, previous letters, see, e.g., Letter from Boyd to the IRS (received August 6, 2000). On January 30, 2003, the IRS issued a Notice of Determination under 26 U.S.C. § 6330 regarding tax penalty made against Boyd under 26 U.S.C. § 6682 (false withholding information). See Boyd Decl. ¶ 1, at 1.

Boyd appealed the income tax portion of this case to the Tax Court, and the Tax Court reviewed the same IRS Appeals hearing that is at issue in this case. Like in this case, Boyd argued that his CDP hearing should be remanded because IRS Appeals prohibited recording. The Tax Court held that "it is not necessary, and would not be productive, to remand this case to the Appeals Office." Boyd v. Commissioner, Transcript of Oral Findings of Fact and Opinion at 13 (T.C., December 3, 2003). In his early letters, Boyd argued that the Internal Revenue Code does not tax the wages of United States citizens. See, e.g., Protest Letter from George Boyd to Deborah S. Decker, IRS Service Center Director; Charles O. Rossotti, IRS Commissioner; and Lawrence H. Summers, Treasury Secretary (August 3, 2002).

Boyd now appeals this IRS Appeals determination and asks the Court to remand his CDP action back to the IRS Appeals for a recorded hearing. The United States filed its Answer to Boyd's Complaint in mid-May 2003, specifically denying some of the administrative hearing errors alleged in the complaint, but admitting that no hearing ever occurred. Although this matter is for review of an administrative decision, there is no copy, certified or otherwise, of the administrative record – if any exists – for the Court's review.

In the Initial Pre-Trial Report, both parties agreed discovery was unnecessary. The Court set January 2, 2004 as the deadline for pretrial motions. Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, Boyd moves the Court to grant judgment in his favor, vacating the United States' administrative decision. The United States opposes Boyd's motion for summary judgment and has filed its own motion for summary judgment.

## LEGAL ANALYSIS

### I. THE COURT HAS JURISDICTION OVER THE MATTER.

Pursuant to statute, the Court has jurisdiction to review the administrative decision relating to a CDP hearing. The Complaint alleges jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 26 U.S.C. § 6330(d)(1) (collection due process appeal), and 5 U.S.C. §§ 701-706 (review of administrative decisions). The United States admits in its Answer the existence of this Court's jurisdiction. See Answer ¶ 1, at 1, filed May 19, 2003 (Doc. 3). Because this action pertains to federal law, a federal question exists. See 28 U.S.C. § 1331. Further, the Court has jurisdiction pursuant to 26 U.S.C. § 6330(d)(1). This statute, part of the IRS Restructuring Act of 1998, states a person may appeal a determination from a CDP hearing to the district court if the Tax Court does not have jurisdiction over the underlying tax liability. The Tax Court only has jurisdiction specifically granted to it and does not have jurisdiction over penalties under 26 U.S.C. § 6682.

Finally, this is a review of an administrative decisions under the Administrative Procedures Act ("APA"). 5 U.S.C. § 704 states "agency action made reviewable by statute . . . is subject to judicial review." 26 U.S.C. § 6330(d)(1) makes the agency's action reviewable in this case. Accordingly, this Court has jurisdiction over this matter.

## II. THE STANDARD OF REVIEW IS THE APA'S ARBITRARY AND CAPRICIOUS STANDARD.

Although 26 U.S.C. § 6330(d)(1) provides that courts may review decisions from CDP hearings, it sets forth no standards for that review. In part II of its opinion in <u>United States v. Bean</u>, 537 U.S. 71 (2002), the Supreme Court of the United States held that, in the absence of a statutorily defined standard for reviewing administrative agency decisions, the APA provides the applicable standard. <u>See</u> <u>id.</u> at 77. Because there is no statutorily defined standard for reviewing CDP decisions, the APA is applicable to this case.

5 U.S.C. § 706 states a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" The Court concludes that the IRS' acts do not fit within any of these categories.

## III. BOYD WAS NOT ENTITLED TO RECORD HIS CDP HEARING AND WAIVED HIS RIGHT TO A HEARING IN PERSON.

### A. BOYD WAS NOT ENTITLED TO MAKE AN AUDIO RECORDING OF HIS CDP HEARING.

Boyd first argues that IRS Appeals violated 26 U.S.C. § 7521(a) by not allowing him to record his Appeals hearing. Section 7521 generally allows taxpayers to make audio recordings of IRS collection interviews. Some district courts have held that § 7521 does not, however, apply to CDP hearings. <u>See</u> <u>Kemper v. United States</u>, No.:CV-S-02-1411-RLH (PAL), 2003 WL 21770857, at *4 (D. Nev. June 5, 2003)(holding that § 7521(a) does not apply to CDP hearings); <u>Muhammad v. United States</u>, No. 0:02-2677-17BD, 2003 U.S. Dist. LEXIS 7508, at *7 (D.S.C. Apr. 9, 2003)(finding that contention that taxpayer has right to record hearing is "without merit").

The United States District Court for the District of Nevada held in Kemper v. United States that CDP hearings are different from the collection interviews to which § 7521 applies. See Kemper v. United States, 2003 WL 21770857, at *4. The court explained that collection interviews are held "to determine or collect a tax," but CDP hearings are held "to insure that 'the requirements of any applicable law or administrative procedure has been met.'" Id. (quoting 26 U.S.C. § 6330(c)(1)). Thus, the court held that § 7521 does not apply to CDP hearings.

The IRS did not conduct a hearing because Boyd insisted on his right to make an audio recording of the CDP hearing, relying on 26 U.S.C. § 7521. The United States Tax Court has recently held that § 7521 applies to CDP hearings and that the IRS may not deny the right to make audio recordings of CDP hearings. See Keene v. Commissioner, 121 T.C. 8, *19 (July 8, 2003). This Court finds Judge Chiechi's dissenting opinion in Keene more persuasive than the majority opinion.

Judge Chiechi found, like the United States District Court for the District of Nevada in Kemper v. United States, that CDP hearings are distinguishable from the collection interviews to which § 7521 applies. See Keene v. Commissioner, 121 T.C. at *31-38. Judge Chiechi engaged in a thorough and detailed analysis of statutory construction as applied to § 7521 and § 6330, and this Court referenced that analysis in detail on the record at the hearing on this motion. There is no need to repeat it here. The Court will adopt Judge Chiechi's analysis and conclusion:

> It is a cardinal rule of statutory construction that, when Congress made section 6330(b) . . . part of the Code in 1998, it is presumed to have been aware that it used the phrase "in-person interview" in section 7521. If Congress had intended for the hearing before Appeals under section 6330(b) . . . to constitute an "in-person interview" under section 7521, it would have used that phrase in section 6330(b) . . . , or at least referred to section 7521. It did neither.

Keene v. Commissioner, 121 T.C. at *37-38.

Beyond the statutory construction analysis that Judge Chiechi engaged in, concluding that § 6330 does not require the IRS to allow audio recordings, the Court also believes that there are good reasons to allow the IRS to prohibit such recordings at CDP hearings. Requiring the IRS to permit audio recordings of CDP hearings would be administratively burdensome for the IRS. See Transcript of Hearing at 24:4-17. As Judge Chiechi pointed out, the CDP hearings under § 6330 are intended to be informal hearings, in contrast to the formal § 7521 in-person interviews. See id. at *32. As the IRS explained, § 7521's requirement that the IRS permit audio recordings of in-person interviews arose out of a fear that the IRS might abuse its authority in interrogating a taxpayer whose attendance is compelled in the in-person interviews, which are initiated by the IRS. See Transcript of Hearing at 24:18-25:14. Thus, the administrative burden caused by allowing recordings of in-person interviews is warranted. In contrast, a taxpayer initiates a CDP hearing, his attendance is not compelled and the purpose of the hearing is not for the IRS to interrogate the taxpayer, but for the taxpayer to present the IRS with arguments. In this circumstance, the additional administrative burden of allowing recordings is not so warranted. The Court believes, therefore, if Congress chose to draft § 6330 so that the IRS may choose to prohibit audio recordings, it is not the Court's province to override that language and force the IRS to allow audio recordings of CDP hearings under § 6330.

The Court, therefore, concludes that Boyd was not entitled to make an audio recording of his hearing based on § 7521.

## B. BOYD WAIVED HIS RIGHT TO A HEARING.

26 U.S.C. § 6330 requires the IRS to afford a hearing before issuing a Notice of Determination. While the IRS agrees that no hearing took place, it contends that Boyd waived his

right to a hearing in person because he refused to participate in the hearing without recording it, which the IRS properly prohibited. See Muhammad v. United States, No. 0:02-2677-17BD, 2003 U.S. Dist. LEXIS 7508, at *7 (D.S.C. Apr. 9, 2003)(holding that "Plaintiff waived any right he may have had to an in-person hearing when he refused to go forward."); Henry v. Bronstein, No. 02-2790, 2002 U.S. Dist. LEXIS 21623, at *3 (D. Md. Sept. 12, 2002)("Refusal to comply with the rules for the hearing is tantamount to a waiver of his request for that hearing."). The Court has already found that Boyd was not entitled, based on § 7521, to make an audio recording of his CDP hearing. That he insisted on doing so and, as a result, the IRS did not conduct a hearing, results in a finding that Boyd waived his right to the hearing.

Further, even though Boyd did not have the opportunity to participate in person in a CDP hearing, the transcript of the Tax Court proceedings as well as the IRS' representations to this Court at the hearing on this motion verify that the IRS Appeals Officer reviewed all of Boyd's written arguments and materials. See Boyd v. Commissioner, Transcript of Oral Findings of Fact and Opinion at 12-13; see also Transcript of Hearing at 15:1-15 (April 14, 2004).[1] Thus, the Court believes that, even though Boyd waived his right to a CDP hearing in person, the Appeals Officer was aware of Boyd's arguments in making his ruling.

### C. THE IRS' REFUSAL TO PERMIT BOYD TO MAKE AN AUDIO RECORDING OF HIS CDP HEARING WAS HARMLESS.

Even if the Court were to find that the IRS should have allowed Boyd to make an audio recording of his hearing, the IRS' refusal to allow the audio recording and lack of hearing constitute harmless error. Boyd's request of this Court is that the Court reverse and vacate the administrative

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

decision and remand this action for a hearing to be conducted. The IRS contends that the IRS transcripts and Boyd's assertions that the wages of United States citizens are not taxable show that the remand would be fruitless. The IRS contends that Boyd's assertions are frivolous.

The Tax Court recognized in Keene v. Commissioner that a recording refusal can be harmless error not worthy of remand. In that case, Keene requested a CDP hearing and informed IRS Appeals that he intended to record the hearing. See id. at *6-*7. IRS Appeals then scheduled a hearing but informed Keene that he could not record the hearing. Keene showed up to the hearing with a tape recorder, and IRS Appeals reiterated that Keene could not record. See id. at *7. Keene then refused to participate in the hearing, and the IRS issued a determination against him. See id. at *10-11. Keene appealed this determination to the Tax Court on one ground: the IRS illegally denied his right to record. See id. at *11. Keene argued that § 7521 granted him a right to record CDP hearings, and the Tax Court agreed. See id. at *22. It remanded the case back to IRS Appeals for a recorded hearing. See id. But the Tax Court also held that its decision does not apply to cases where, despite the recording prohibition, the taxpayer raises only frivolous arguments during the appeals process. See id. at 23-24. In such a case, the recording refusal is, according to the Tax Court, harmless error, and the court can decide the frivolous issues without remand. See id.

The Tax Court confirmed this harmless error distinction a day later in Brashear v. Commissioner, No. 12147-02L, 2003 Tax Ct. Memo LEXIS 199, at *8-*11 (July 9, 2003). In that case, the Brashears made frivolous arguments during the Appeals process even though IRS Appeals prohibited them from recording their appeals hearing. See id. at *4, *9. They argued only that there was no authority for the IRS to assess and collect income taxes, so IRS Appeals issued a determination against them. See id. at *4-*5. The Brashears then appealed this determination and

-9-

argued that IRS Appeals improperly prohibited them from recording their CDP hearing, but the court decided not to remand. See id. at * 8-*9. The court acknowledged that Keene recognized taxpayers' right to record CDP hearings, but it held that the Brashears' frivolous arguments demonstrated that remand would not be "productive." Id. Thus, the IRS' recording refusal was harmless error not worthy of remand.

A Northern District of Texas court recently agreed with Brashear in McDonald v. United States, No. 3:02-CV-1510R, 2003 WL 22992202, at *2 (N.D. Tex. Nov. 25, 2003). In that case, McDonald argued against a frivolous return penalty assessed against him because he argued that no statute imposes income tax liability. The court rejected this argument as frivolous. McDonald then argued that his CDP action should be remanded for a recorded hearing because IRS Appeals did not allow him to audio record his hearing. The court held that IRS Appeals' recording refusal did "not warrant remand." Id. at *2.

The United States argues that, like in McDonald and Brashear, Boyd's frivolous arguments demonstrate that remand for a recorded hearing would be fruitless. The United States contends that Boyd may argue that the IRS did not notice him with the proper form, but courts have recognized that the IRS may send notice and demand on any form as long as it includes the information that 26 U.S.C. § 6303 requires. See, e.g., Jones v. Commissioner, No. 02-60964, 2003 WL 21555540 (5th Cir. July 25, 2003)(holding that Notice of Balance Due satisfies notice and demand requirements); Elias v. Connnett, 908 F.2d 521, 525 (9th Cir. 1990); Hoffman v. United States, 209 F. Supp. 2d 1089, 1094 (W.D. Wash. 2002). Courts have also denied arguments that the Internal Revenue Code does not tax the wages of United States citizens and similar arguments as frivolous. See, e.g., Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990). The United States contends that

Boyd's frivolous arguments demonstrate that remand would lead only to more of the same frivolous arguments that the courts have already rejected.

The United States makes the implicit argument that the sole issues that a taxpayer can raise or discuss in a CDP hearing are those mentioned in the initial request for the hearing. The Court does not see support for that contention. Moreover, the statute states "a person may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy." 26 U.S.C. § 6330(c)(2). There is nothing in § 6330 that requires the taxpayer to specify any issues in the request for a hearing or that indicates that a party is limited only to those issues stated in the hearing request.

Boyd represents that he intended to raise other issues. At the hearing on this motion, however, the Court invited Boyd to clarify what other issues he intends to raise that would require a remand and hearing. Boyd did not point to any new arguments, instead reiterating the same arguments he has previously made in the letters written to the IRS, which the Appeals Officer in this case reviewed prior to entering a decision. See Transcript of Hearing at 11:7-13:25.[2] The Court, therefore, agrees with the IRS and the decisions in McDonald and Brashear that a remand in this case would not serve any useful purpose.

### IV.  BOYD'S ARGUMENTS DO NOT OVERCOME THE PRESUMPTION THAT THE ASSESSMENTS SHOWN ON THE IRS FORM 4340 CERTIFIED TRANSCRIPTS ARE VALID.

Boyd also challenges his liability for a withholding information penalty, but IRS Form 4340

---

[2] At the hearing, Boyd did suggest that, given the opportunity for a hearing, he would argue that this process has caused him a hardship. Specifically, he asserted that it has been a hardship for his wife to watch him go through this disagreement with the IRS during a time when she developed rheumatoid arthritis. See Transcript of Hearing at 13:12-17 ("[F]or example, my wife about this time that I was getting all these unanswered and threatening letters developed rheumatoid arthritis and she has been miserable for some time all because I have chosen to ask some questions and become a target for those who are seeking to raise much revenue as they possibly can.").

certified transcripts confirm his liability, see IRS Form 4340 Certificate of Assessments, Payments, and Other Specified Matters, and Boyd has produced no evidence that rebuts the presumption that those transcripts are correct. The Tenth Circuit held in Guthrie v. Sawyer, 970 F.2d 733 (10th Cir. 1992), that Form 4340s establish "presumptive proof of a valid assessment." id. at 737 (internal quotation marks and citations omitted). If the taxpayer does not rebut this presumption, the Tenth Circuit held that "a district court may properly rely on the forms to conclude that valid assessments were made." Id. at 737-38.

In this case, Form 4340 shows that the IRS assessed and noticed Boyd on February 21, 2000, and Boyd has produced no evidence rebutting the presumed correctness of this assessment. The IRS, after filing its motion for summary judgment, supplemented the record with withholding records that further support the validity of the withholding penalty assessed against Boyd.[3] The Court, therefore, finds that Boyd has not presented evidence or created a genuine issue of material fact whether the IRS' assessments are valid.

## V.     THE IRS SATISFIED ALL STATUTORY NOTICE AND ASSESSMENT REQUIREMENTS.

Boyd also argues that the IRS Appeals did not properly confirm IRS Compliance with statutory procedural requirements, but the Notice of Determination states that Appeals reviewed computer-generated transcripts and presented Boyd with a copy of those transcripts. Courts have held that the IRS may use such transcripts to confirm procedural requirements. See, e.g., Hoffman v. United States, 209 F. Supp. 2d 1089, 1094 (W.D. Wash. 2002); Standifird v. Commissioner, T.C.

---

[3] It is true that, had Boyd participated in a CDP hearing, he would have had an additional opportunity to rebut this presumption. Boyd has made clear, however, that his argument at the CDP hearing would not have been to rebut the presumption on the correctness of the assessment, but to argue that wages of United States citizens are not taxable. See Transcript of Hearing at 11:7-13:25.

Memo. 2002-245, 2002 WL 31151194 (T.C. September 26, 2002). These transcripts confirm that the IRS complied with statutory collection procedures by assessing Boyd and sending him a notice of balance due on February 21, 2000. See Form 4340 Certificate of Assessments, Payments, and Other Specified Matters. Then, on May 31, 2003, the IRS issued Boyd a Notice of Intent to Levy. See id. Boyd received this notice on June 5, 2002, and responded to it by requesting a CDP hearing on June 27, 2002. See Request for Collection Due Process Hearing & Letter. The Court finds that the IRS satisfied all statutory notice and assessment requirements.

### VI.   THE COURT WILL DENY BOYD'S MOTION TO STRIKE.

Boyd, in his motion to strike, asks the Court to strike the United States' Supplement to Brief Supporting United States' Motion for Summary Judgment, filed January 29, 2004 (Doc. 17). Boyd argues that the Supplement violates the local rules and that, if the Court does not strike the Supplement it should allow Boyd an opportunity to respond to the materials in the Supplement with a surreply.

The IRS, in its initial briefing, indicated that it would file a Supplement with withholding documents that would further support the IRS' assessments. Boyd was, thus, put on notice from the beginning that the IRS intended to file this Supplement. The Court does not believe that the Supplement is improperly before the Court and, more importantly, because the Court held a hearing on these motions two and a half months after the IRS filed the Supplement, Boyd has had a full opportunity to respond to any new issues raised in the Supplement. The Court will, therefore, deny Boyd's motion to strike.

**IT IS ORDERED** that the United States' Motion for Summary Judgment is granted and the Court will enter summary judgment against the Plaintiff, George E. Boyd. The Court will deny the

Plaintiff's Motion for Summary Judgment and the Plaintiff's Motion to Strike United States' 'Supplement To' Its Motion for Summary Judgment, or Alternatively to Allow Plaintiff to File a Surreply

_____
UNITED STATES DISTRICT JUDGE

Counsel:

George E. Boyd
Edgewood, New Mexico

    *Pro Se Plaintiff*


David Iglesias
  United States Attorney
   Department of Justice
   United States of America
Albuquerque, New Mexico

-and-

Christopher R. Egan
   Attorney, Tax Division
   Department of Justice
Dallas, Texas

    *Attorneys for the Defendant*